UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP F. PIERCE, : | |
| and SHARON C. PIERCE : | |
|     PLAINTIFFS, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:04-cv-1767 (JCH) |
| EMIGRANT MORTGAGE CO., : | |
| EMIGRANT SAVINGS BANK, : | |
| and RETAINED REALTY, INC., : | FEBRUARY 5, 2008 |
|     DEFENDANTS. : | |

**RULING RE: DEFENDANTS' MOTION FOR LEAVE TO AMEND SPECIAL DEFENSES (DOC. NO. 93) AND MOTION TO AMEND JUDGMENT (DOC. NO. 97)**

**I.   INTRODUCTION**

The plaintiffs, Philip F. Pierce and Sharon C. Pierce (collectively, the "Pierces"), who are residents of Connecticut, brought action for declaratory relief, breach of contract, breach of implied contract, unjust enrichment, breach of implied duty of good faith and fair dealing, and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110 et seq., against the defendants, Emigrant Mortgage Company, Inc. ("Emigrant Mortgage"), Emigrant Savings Bank ("the bank"), and Retained Realty, Inc. (collectively "defendants"), all of which are corporations with their principal places of business and citizenship in New York.  The suit arose out of the terms of a loan agreement (the "loan" or the "mortgage") that the Pierces had entered into with Emigrant Mortgage.  The Defendants removed this action from the Connecticut Superior Court for the Judicial District of Stamford, pursuant to 28 U.S.C. §§ 1441 and 1446.  Jurisdiction is based on the diversity of citizenship of the parties,

1

pursuant to 28 U.S.C. § 1332.

In its September 29, 2005 Ruling, the court held that the loan was not usurious under Connecticut General Statute § 37-4. (Doc. No. 32). The court later granted summary judgment as to Count Seven of the Complaint, which stated a claim of civil conspiracy against the defendants. See Ruling Re: Def.'s Mot. for Summ. Judg. (Doc. No. 66). The Pierces' remaining claims were tried before the court on November 27 through November 30, 2007. The court issued a Ruling finding for defendants on counts 1, 2, 3, 5, and 6 and for the plaintiffs as to count 4. See Bench Trial Ruling (Doc. No. 91). The court subsequently issued a judgment, awarding plaintiffs $123,629.48. See Judgment (Doc. No. 92). Defendants now move the court for leave to amend their Answer to the Complaint to include a special defense for set-off pursuant to Federal Rule of Civil Procedure 15(b) and to amend the judgment to reflect this set off.

## II. DISCUSSION[1]

### A. Motion to Amend Judgment

Defendants move the court to amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). See Def.'s Mem. in Supp. of Mot. to Am. Judg. at 1 (Doc. No. 98). A motion to amend a judgment under Rule 59 is decided under the same standard as is a motion for reconsideration pursuant to Rule 59. See Ass'n for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995)("Rule 59(e) covers a broad range of motions, including a motion to reconsider.")(internal quotation omitted). The

---

[1] The court assumes familiarity with the factual background of this case. See Bench Trial Ruling (Doc. No. 91).

2

Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Defendants based their Motion to Amend the Judgment on two grounds. First, Defendants argue that the court committed a clear error of law in finding for the plaintiffs on Count Four. See Def.'s Mem. in Supp. of Mot. to Am. Judg. at 5-8 (Doc. No. 98). Defendants argue that the doctrine of unjust enrichment was not applicable in this case because the payment of default interest arose out of a provision in the loan documents and "[a]n action for unjust enrichment cannot lie in the fact of an express contract." Id. at 6 (quoting Russell v. Russell, 91 Conn.App. 619, 638 (2005)). Defendants' argument misses the point that the doctrine of unjust enrichment "applies wherever justice requires compensation to be given for property or services rendered

3

under a contract, and no remedy is available by action on the contract." Russell, 91 Conn.App. at 638. The court found that Attorney Nagel's failure to respond to the Pierce's attempts to bring the loan current caused the bank to be unjustly enriched by the payment of default interest from the time of Mr. Pierce's last contact with Attorney Nagel to the foreclosure on the property. Bench Trial Ruling at 13. As such, the payment of this interest was unjust, but no remedy was available by action on the contract, making the equitable doctrine of unjust enrichment the proper remedy.

Second, Defendants argue that the damages awarded to the Mr. Pierce should be set off by the $30,000 settlement received by the Pierces from Attorney Nagel. The court agrees. The court overlooked the $30,000 settlement the Pierces received from Attorney Nagel when determining the damages under the unjust enrichment count. See Bench Trial Ruling at 17-19. The court agrees with defendants that the $30,000 settlement compensated the Pierces for the same injury as the unjust enrichment claim. See Virgo v. Lyons, 209 Conn. 497, 509 (1988)("A plaintiff may be compensated only once for his just damages for the same injury.") Therefore, the damages awarded for unjust enrichment will be set off by $30,000. An amended judgment will be issued reflecting the correct damages award of $93,629.48.

B. Motion for Leave to Amend Special Defenses

Rule 15(b) provides that:

"Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made in the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby . . . ."

4

Fed.R.Civ.P. 15(b). Defendants presented evidence at the trial as to a $30,000 settlement between the plaintiffs and Attorney Nagel. See Def.'s Mot. for Leave to Am. Sp. Def.'s at ¶¶ 2-3. Plaintiffs objected to the introduction of this evidence as irrelevant, but the court overruled their objection finding that the evidence was relevant to the question of damages. See id. at 6. Plaintiffs argue that Defendants Motion for Leave to Amend should be denied because it is "unnecessary" and "futile," but concedes that the decision to grant the Motion is at the discretion of the court. See Pl.'s Mem. in Opp. to Mot. for Leave to Am. Sp. Def.s at ¶¶ 1,3, and 4. Given that the court has concluded that the evidence of the $30,000 settlement sufficed to establish a set off for defendants, defendants' Motion for Leave to Amend Special Defenses is granted to bring the pleadings into conformity with the evidence heard at trial pursuant to Rule 15(b).

## III. CONCLUSION

For the foregoing reasons, the defendants' Motion for Leave to Amend Special Defenses (Doc. No. 93) is GRANTED and defendants' Motion to Amend Judgment (Doc. No. 97) is GRANTED in part and DENIED in part. The clerk is ordered to issue an amended judgment reflecting the corrected damage award of $93,629.48.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of February, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge